**Tiffany L. HEATH, a minor, etc., et al., Plaintiffs,**

v.

**The UNITED STATES of America, Defendant.**

**No. CV S–82–80 EDP.**

United States District Court, E.D. California.

May 5, 1986.

Starr Babcock, San Francisco, Cal., for plaintiffs.

Donald B. Ayer, U.S. Atty., E.D. California, and Colette J. Winston, Trial Atty., Torts Branch, Civil Div., Washington, D.C., for defendant.

PRICE, District Judge.

This matter came on regularly for hearing on April 14, 1986, upon the defendant's motion to dismiss. Colette Winston appeared on behalf of the government and Starr Babcock appeared for the plaintiffs. The Court, having received and read the papers submitted in connection with this motion, and having heard and considered the argument presented by counsel, hereby makes the following order. The government's motion to dismiss is granted.

Plaintiff, Tiffany Heath, was born in 1980 with severe birth defects. Her parents, plaintiffs Mary Wells Heath and Raymond Heath, were on active duty in the U.S. Air Force during Mrs. Heath's pregnancy and at the time that Tiffany was born. During her pregnancy, Mrs. Heath was treated by Air Force doctors and other Air Force medical personnel. Her doctors prescribed the drug bendectin for Mrs. Heath in an effort to treat the nausea she suffered as a result of her condition.

Since Tiffany's birth, bendectin has been linked to birth defects in children of mothers who ingested the drug during their pregnancies. The Heaths filed a Federal Tort Claim and, subsequently, this action alleging that the Air Force doctors' negligent prescription of bendectin caused their injuries.

The government now moves to dismiss on the ground that this Court lacks subject matter jurisdiction. In *Feres v. United States,* 340 U.S. 135, 71 S.Ct. 153, 95 L.Ed. 152 (1950), the Supreme Court held that the Federal Tort Claims Act does not provide a remedy to members of the military who are injured, "in the course of activity incident to service." 340 U.S. at 146, 71 S.Ct. at 159, 95 L.Ed. at 161. Two of the three cases consolidated for decision in *Feres* were actions brought by servicemen charging Army doctors with medical malpractice. The Court held that the Federal Tort Claims Act "does not charge the United States with liability in this type of case." 340 U.S. 135, 137, 71 S.Ct. 153, 155, 95 L.Ed. 152, 156.

■ Accordingly, the claims of Raymond Heath and Mary Wells Heath fall squarely within the *Feres* doctrine and must be dismissed.

■ The claims of Tiffany Heath are also barred. In *Monaco v. United States,* 661 F.2d 129 (9th Cir.1981), *cert. denied,* 456 U.S. 989, 102 S.Ct. 2269, 73 L.Ed.2d 1284 (1982), the Ninth Circuit extended the

*Feres* doctrine to include the claims of the children of military personnel whose injuries are derivative of injuries suffered by the parent and incident to his or her service. *See also Scales v. United States,* 685 F.2d 970 (5th Cir.1982), *cert. denied,* 460 U.S. 1082, 103 S.Ct. 1772, 76 L.Ed.2d 344 (1983). Because Tiffany's claims in this action are wholly derivative of her parents' claims, she may not maintain a Federal Tort Claims Action.

The court is not insensitive to the severity of the injuries suffered by Tiffany and her parents, but must base its decision on established precedent. Some measure of relief may be available to the Heaths through an appeal to the legislative process. *See Monaco,* 661 F.2d 129, 134 at note 3.

For the foregoing reasons, the motion of the United States to dismiss is granted, and the complaint is hereby dismissed.